OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from an alleged tak-mg of private property without just compensation in violation of the Indian Civil Rights Act of 1968 (hereinafter “ICRA”) and from sought declaratory relief identifying the Sand Clan of the Village of Old Oraibi as the “true and lawful owner or holder and possessor” of the disputed land. The plaintiffs Sand Clan and Village of Did Oraibi filed suit in 1977. In 1980, the defendants Hopi Tribe and Village of Kyk-otsmovi moved to dismiss for lack of jurisdiction over intervillage disputes, lack of jurisdiction on the basis of the Tribe’s and Village of Kykotsmovi’s sovereign immunity, and for failure to join the Village of Shungopavi as an indispensable party. The Tribal Court denied the motion finding that the Tribal Court had concurrent jurisdiction over intervillage disputes, that Congress impliedly waived the Tribe’s and Village’s sovereign immunity through enactment of ICRA, and that the Village of Shungopavi was not an indispensable party. The Tribe, appealed the denial of the motion to dismiss.
The Sand Clan and Village of Old Oraibi claimed the right to determine the use of the land on which the Hopi Civic Center now stands. The property consists of 10 acres located on the south side of State Route 264, east of Oraibi Wash and between Third Mesa and Second Mesa (“the land”). The Tribe assigned the property to the Village of Kykotsmovi in 1957. The record does not reflect which of the villages had the earliest claim to the land rights.[1] On March 10, 1977, Kykotsmovi *337 reconveyed the land to the Tribe, at the request of the Tribe, to build the Civic Center. In August 1977, Mina Lansa, who identified herself as Kikmongwi of the Village of Old Oraibi, petitioned the Tribal Chairman to call a special meeting of the Tribal Council pursuant to Article VIII of the Hopi Constitution[2] to determine which Village had the right to assign the land. The Chairman refused to call the special meeting on the basis that the Tribal Council did not recognize Mina Lansa as Kik-mongwi of the Village of Old Oraibi.
In its complaint, the Sand Clan sought an injunction enjoining construction of the Civic Center, compensatory and punitive damages, and a judgment declaring the Sand Clan under the jurisdiction of the Village of Oraibi as the “true and lawful owner or holder and possessor” of the land. Sand Clan claimed that it was assigned the land before the organization of the Village of Kykotsmovi in 1900, and that the Tribe’s construction of the Civic Center on the land constituted an unlawful taking of private property for public use in violation of the Indian Civil Rights Act[3]. 25 U.S.C. § 1302(5).
The Tribe filed its motion to dismiss on January 19, 1980, arguing that the plaintiffs failed to prosecute the suit in a timely manner resulting in material prejudice to defendants; that sovereign immunity barred the suit; that no one was properly designated as traditional leader having authority to bring the lawsuit on behalf of plaintiffs; and that the Village of Shungo-pavi was an indispensable party which could not be joined. The Tribal Court denied the motion on July 8,1983.
On March 10, 1990, the Tribe filed an appeal from the Tribal Court’s order denying dismissal or, in the alternative, a petition for an extraordinary writ of prohibition to determine if the Tribal Court had jurisdiction to hear the dispute. The Tribe now seeks relief on the grounds (I) that the Hopi Constitution vests exclusive jurisdiction to resolve intervillage disputes in the Tribal Council, (2) that the Tribe’s and Village’s sovereign immunity bar the suit, and (3) that the Village of Shungopavi is an indispensable party that cannot be joined because of its sovereign immunity.
The Appellate Court granted leave to the Tribe to file an amended brief in support of its appeal on March 29, 1996. The tribe filed its amended brief on June 21, 1996. The plaintiffs did not file an amended reply brief.[4]

DISCUSSION

This ease has lingered in our court for nearly twenty years. It is no longer actively litigated by the real parties in interest, the Sand Clan and its representatives. Thus, the issues presented have had the benefit of the Hopi Tribe’s considered arguments. Although the Sand Clan may have a legitimate issue and interest at stake, we find that their lack of prosecution does not fully present the issues in an *338 area at the heart of Hopi and its essential existence.

ORDER

The request for an extraordinary writ ordering that the Hopi Tribal lacks jurisdiction over the Hopi Tribe on the basis of sovereign immunity is denied. This case is DISMISSED upon the real problem presented by the real party in interest’s failure to prosecute their claim.
ORDERED.

. The Tribal Court made no attempt to determine the possessor of these rights because preliminary issues relating to jurisdiction prevented the Tribal Court from engaging in this analysis. Ultimately, we similarly find ourselves unable to reach these issues.

. Article VIII, § 1, provides a means for resolving intervillage disputes. “When a dispute arises between villages of any matter, the Kikmongwi of any village party to the dispute may inform the Chairman of the Tribal Council of the nature of the dispute, and ask him to call a special meeting of the Council to settle the matter.”

. "No Indian tribe in exercising powers of self-government shall * * * take any private property for a public use without just compensation. ...” 25 U.S.C. § 1302(5).

.Herbert Hamana, the Sand Clan member who initiated the suit, has died since the filing of the opening briefs for this appeal. No other member of the Sand Clan or of the Village of Old Oraibi has taken over his role in carrying the suit. It is unclear whether his clansmen have been notified of the status of the action.